UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE N. MATHIS,

           Petitioner,

v.                                           Case No. 3:10-cv-1191-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

           Respondents.
_____

### ORDER

### I. Status

Petitioner Willie N. Mathis initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on December 20, 2010, pursuant to the mailbox rule.[1]  In the Petition, Mathis challenges a 2005 state court (Baker County, Florida) judgment of conviction for possession

---

[1] While incarcerated at the Alachua County Jail, see Petition at 1, 14, Mathis filed the Petition (Doc. #1) in this Court on December 28, 2010; however, giving Mathis the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Mathis handed it to the jail authorities for mailing to this Court (December 20, 2010). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.  The Court will also give Mathis the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

of cocaine, driving while his license was suspended, and possession of drug paraphernalia.[2] Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Response) (Doc. #21) with exhibits (Resp. Ex.). On May 12, 2011, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #10), admonishing Mathis regarding his obligations and giving Mathis a time frame in which to submit a reply. Mathis submitted a brief in reply on February 6, 2012, and a Memorandum of Law on February 10, 2012. See Petitioner's Reply Brief (Reply) (Doc. #22);

---

[2] This Court takes judicial notice of Mathis' previously-filed habeas corpus cases in this Court: Case Nos. 3:10-cv-757-J-12JRK and 3:10-cv-663-J-12JBT. On July 29, 2010, while Mathis was residing at the Santa Fe Work Release Center, he filed a petition for writ of habeas corpus, challenging his 2005 conviction for possession of a controlled substance, felony driving while his license was suspended or revoked, and possession of drug paraphernalia. See Case No. 3:10-cv-663-J-12JBT, Petition (Doc. #1), filed July 29, 2010. Recognizing that Mathis was a fugitive and no longer in custody as of August 19, 2010, the Court dismissed the action without prejudice. See Case No. 3:10-cv-663-J-12JBT, Order of Dismissal Without Prejudice (Doc. #12), filed September 29, 2010. In Case No. 3:10-cv-757-J-12JRK, Mathis filed an affidavit, in which he stated that he decided to walk away from the Sante Fe Work Release Center on August 19, 2010. See Case No. 3:10-cv-757-J-12JRK, Affidavit of Criminal Complaint to Deprive Rights Guaranteed by the United States Constitution (Doc. #1), filed August 25, 2010. The Court dismissed the action without prejudice and directed the Clerk to provide the United States Marshal with a copy of the Order for whatever action he deemed appropriate. See Case No. 3:10-cv-757-J-12JRK, Order of Dismissal (Doc. #3), filed August 26, 2010.

Petitioner's Memorandum of Law/Arguments (Memorandum) (Doc. #23). This case is ripe for review.[3]

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The United States Court of Appeals for the Eleventh Circuit, on February 21, 2013, stated: "The petition for writ of mandamus is held in abeyance for a period of 60 days to allow the district court to rule on Mathis's § 2254 petition. Upon expiration of the 60 days, this matter will be re-submitted to us for further action." See Order (Doc. #30), filed February 21, 2013 (emphasis and capitalization omitted).

>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for all claims in this case. Mathis neither asserts nor is there a basis for him to assert that the one-year limitations period begins based on § 2244(d)(1)(B), (C), or (D). Given the record, including that this is not "a multiple trigger date case," the Eleventh Circuit's recent decision in Zack v. Tucker, 704 F.3d 917 (11th Cir. 2013),[4] has no impact on Mathis' case.

---

[4] In Zack, the petitioner attempted to resurrect eight untimely claims by raising one meritless claim of mental retardation based on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Zack argued that his habeas petition was timely, under § 2244(d)(1)(C), because he filed it within one year after the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304 (2002) (holding that the execution of a mentally retarded person is cruel and unusual punishment in violation of the Eighth Amendment). The Eleventh Circuit held that AEDPA's statute of limitations "applies on a claim-by-claim basis in a multiple trigger date case." Zack, 704 F.3d at 926. ("We see no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that he could have raised earlier but did not."). Additionally, the Court overruled Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), to the

Respondents contend that Mathis has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On March 22, 2005, the State of Florida charged Willie Norman Mathis with possession of a controlled substance (cocaine) (count one); felony driving while his license was suspended or revoked (count two); and possession of drug paraphernalia (count three). Resp. Ex. A at 9-10, Amended Information. After jury selection, Mathis proceeded to trial. Resp. Ex. C, Transcript of the Jury Trial (Tr.). At the conclusion of the trial, a jury found Mathis guilty of possession of a controlled substance; felony driving while his license was suspended; and possession of drug paraphernalia, as charged in the Amended Information. Resp. Ex. B at 11, Verdict; Tr. at 178. On April 25, 2005, the trial court sentenced him to a term of imprisonment of five years for count one, two years for count two, with such term to run consecutively to the sentence imposed for count one, and 106 days, with jail credit for those days, for count three. Resp. Ex. B at 38-44, Judgment.

On appeal, Mathis, through counsel, filed an Initial Brief, arguing that the trial court erred by: denying Mathis' motion for

---

extent that it held that § 2244(d)(1) provided a single statute of limitations for the petition as a whole and that individual claims in the petition could not be reviewed separately for timeliness. Id.

5

judgment of acquittal because his driving record was never entered into evidence for the jury's consideration, and the only evidence presented to the jury that his driver's license had been suspended was the hearsay testimony of Deputy Lagle (ground one); denying Mathis' motion to suppress evidence relating to the traffic stop for driving with an unilluminated tag light when a temporary tag was properly displayed in the car's rear window (ground two); and using the certified copies of Mathis' driving record and prior convictions for driving while his license was suspended or revoked to demonstrate the prior convictions necessary to enhance the crime to a felony; such records were never entered into evidence, and therefore, did not comprise competent and substantial evidence to support a felony conviction (ground three).  Resp. Ex. D.  The State filed an Answer Brief.  Resp. Ex. E.  On August 1, 2006, the appellate court affirmed Mathis' conviction and sentence per curiam without issuing a written opinion, see Mathis v. State, 935 So.2d 504 (Fla. 1st DCA 2006); Resp. Ex. F, and the mandate issued on August 17, 2006.[5]  Mathis did not seek review in the United States Supreme Court.

 Mathis' conviction became final on October 30, 2006 (90 days after August 1, 2006).  See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a

---

[5] See Willie Norman Mathis v. State of Florida, Case No. 1D05-2252, website for the First District Court of Appeal (http://www.1dca.org), online docket.

6

petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Mathis' conviction was after April 24, 1996, the effective date of the AEDPA, Mathis had one year from the date his conviction became final to file his federal petition (October 30, 2007). The Petition, filed on December 20, 2010, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

In this case, the one-year period of limitations started running on October 31, 2006, and ran for **twenty-three (23) days** until November 23, 2006, when Mathis filed a pro se petition for writ of habeas corpus. In the petition, he asserted that his appellate counsel was ineffective because he failed to raise the following issue on direct appeal: the trial court erred in denying Mathis' motion for judgment of acquittal because the State failed to introduce cocaine into evidence or give any explanation for its failure to do so. Resp. Ex. G. On January 8, 2007, the court denied the petition on the merits. Mathis v. State, 946 So.2d 618 (Fla. 1st DCA 2007); Resp. Ex. H.

The one-year limitations period began to run again on January 9, 2007, and ran for **fifty-three (53) days** until March 3, 2007, when Mathis filed a pro se motion for post conviction relief

pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. I at 1-31. In his request for post conviction relief, Mathis asserted that counsel (John Gary Maguire) was ineffective because he failed to: call Aldon Smith, the front-seat passenger, as a witness at trial (ground one); request jury instructions applicable to Mathis' defense (ground two); object to the prosecutor's vouching for witness Aldon Smith during closing argument (ground three); object to the prosecutor's statement inferring that Mathis was guilty because he was arrested (ground four); challenge the prosecutor's "personal opinions" regarding Mathis' guilt (ground five); and object to the trial court's erroneous use of a prior conviction (ground six). Additionally, Mathis asserted that he was deprived of his Sixth Amendment right to a fair trial by an impartial jury due to the prosecutor's "deception of jurors regarding erroneous statements of law" (ground seven) and that grounds one through seven amounted to cumulative error (ground eight). On July 9, 2007, the court denied Mathis' request for post conviction relief. Id. at 32-38. Mathis appealed, see Resp. Ex. J, and the State opted not to file an answer brief, see Resp. Ex. K. On July 1, 2008, the appellate court affirmed the trial court's decision per curiam. Mathis v. State, 989 So.2d 1187 (Fla. 1st DCA 2008); Resp. Ex. L. The mandate issued on October 6, 2008. Resp. Ex. M.

8

During the pendency of the first Rule 3.850 motion, Mathis filed a second pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on September 27, 2007. Resp. Ex. N at 1-13. In this request for post conviction relief, Mathis asserted that there was insufficient evidence to prove that the arresting officer had probable cause to make the initial stop of Mathis' vehicle (ground one); the arresting officer made inconsistent statements throughout different stages of the case suggesting he was not a credible witness (ground two); the arresting officer gathered all the evidence against Mathis without any witnesses to corroborate how the evidence was obtained and subsequently handled (ground three); and there was no evidence corroborating the procedure the arresting officer used when handling the evidence (ground four). On November 5, 2007, the court denied Mathis' request for post conviction relief. Id. at 14-27. Mathis appealed, see Resp. Ex. O, and the appellate court affirmed the trial court's decision per curiam on May 13, 2008. Mathis v. State, 983 So.2d 1156 (Fla. 1st DCA 2008); Resp. Ex. P. The mandate issued on July 8, 2008. Resp. Ex. Q.

Thus, following the resolution of the first and second Rule 3.850 motions, the one-year limitations period began to run again on October 7, 2008, and ran for **eight hundred and four (804) days** until Mathis filed his Petition in this Court on December 20, 2010. Respondents acknowledge that Mathis filed other motions during this

period, but none tolled the limitations period. See Response at 5. A summary description of those motions follows.

On November 20, 2008, Mathis filed his third motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. R at 1-31. In this request for post conviction relief, Mathis asserted that his license was suspended in error at the time of the offense (ground one), and no probable cause existed for a police officer to stop him (ground two). On August 12, 2009, the court denied Mathis' request for post conviction relief, finding the motion was untimely[6] and did not qualify for any timeliness exception. Id. at 32-38. Mathis appealed, see Resp. Ex. U, and the State opted not to file an answer brief, see Resp. Ex. V. On May 21, 2010, the appellate court affirmed the trial court's decision per curiam. Mathis v. State, 36 So.3d 660 (Fla. 1st DCA 2010); Resp. Ex. W. The mandate issued on June 16, 2010. Resp. Ex. X. This motion did not toll the limitations period.[7]

Additionally, during the pendency of Mathis' third Rule 3.850 motion, he filed a petition for writ of habeas corpus on July 10, 2009, in the Circuit Court of the Second Judicial Circuit in and

---

[6] See Fla. R. Crim. P. 3.850(b) (stating motions pursuant to Rule 3.850 will not be considered "if filed more than 2 years after the judgment and sentence become final").

[7] See Gorby v. McNeil, 530 F.3d 1363, 1367 (11th Cir. 2008) ("An application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period.") (citation omitted), cert. denied, 129 S.Ct. 1592 (2009).

for Franklin County, Florida. Resp. Ex. S at 1-21. In this petition, Mathis asserted that the prosecutor: fraudulently charged him with driving while his license was suspended (ground one); failed to prove probable cause to justify the traffic stop (ground two); failed to establish probable cause for the search and seizure of Mathis and his vehicle (ground three); and allowed false and tampered evidence to be presented at trial (ground four). Mathis also asserted that the trial court erred by denying his motion for judgment of acquittal based upon the State's failure to establish a prima facie case as to counts one, two, and three (ground five). On July 15, 2009, the court denied the petition, stating that the matter "must be presented to the original jurisdiction . . . ." Id. at 22. On or about August 25, 2009, Mathis filed the petition in the Circuit Court of the Second Judicial Circuit in and for Baker County, Florida. Construing the petition as a motion for post conviction relief under Fla. R. Crim. P. 3.850, on September 23, 2009, the court denied the motion as untimely. Id. at 31-32.

On September 14, 2009, Mathis filed another pro se petition for writ of habeas corpus in the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida, attempting to challenge his Baker County conviction. Resp. Ex. Y at 1-15. The court, on September 29, 2009, denied the petition, stating the "petition, as was the petition that was denied on July 15, 2009, is an attempt to make a collateral attack on the original conviction

11

and sentence" and "[t]his matter must be presented to the original jurisdiction pursuant to the Florida Rules of Criminal Procedure." Id. at 16. Mathis appealed, see Resp. Ex. Z, and the State filed an answer brief, see Resp. Ex. AA. The appellate court affirmed the trial court's decision per curiam on June 16, 2010, see Mathis v. State, 38 So.3d 136 (Fla. 1st DCA 2010); Resp. Ex. BB, and the mandate issued on July 13, 2010, see Resp. Ex. CC. Respondents assert, and this Court agrees, that these state habeas petitions did not toll the limitations period since the court held that, pursuant to the Florida Rules of Criminal Procedure, the collateral attacks on the judgment had to be filed in the original jurisdiction. See Response at 6.

Given the record, Mathis' December 20, 2010 Petition[8] is untimely filed and due to be dismissed unless Mathis can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely

---

[8] In the December 20, 2010 Petition before this Court, Mathis asserts that the State committed "fraud by malicious prosecution" when the prosecutor: fraudulently charged Mathis with driving while his license was suspended (ground one); failed to prove probable cause to justify the traffic stop (ground two); and allowed false and tampered evidence to be presented at trial (ground three). He also asserts that the trial court erred by denying his motion for judgment of acquittal based upon the State's failure to establish a prima facie case as to counts one, two, and three (ground four).

12

filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Mathis to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Mathis simply has not met the burden of showing that equitable tolling is warranted.

Construing Mathis' Reply and Memorandum as raising actual innocence, this Court finds that he has not made the requisite showing. To make a showing of actual innocence, Mathis must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent

>             judgment as to whether reasonable doubt exists
>             that the standard addresses; rather the
>             standard requires the district court to make a
>             probabilistic determination about what
>             reasonable, properly instructed jurors would
>             do. Thus, a petitioner does not meet the
>             threshold requirement unless he persuades the
>             district court that, in light of the new
>             evidence, no juror, acting reasonably, would
>             have voted to find him guilty beyond a
>             reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

Here, Mathis has not offered any new reliable evidence that was not available at the time of trial. Petitioner has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Mathis has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.

For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Mathis seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Mathis "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

15

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss this case with prejudice (Doc. #21) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Mathis appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ENTERED** at Jacksonville, Florida this 15th day of April, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

```
sc 4/11
c:
Willie N. Mathis
Counsel of Record
```